Robert A. Rosette (CA SBN 224437)
Geoffrey Hash (CA SBN 227223)
ROSETTE, LLP
193 Blue Ravine Rd., Suite 255
Folsom, California 95630
Telephone: (916) 353-1084
Facsimile: (916) 353-1085
rosette@rosettelaw.com
ghash@rosettelaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS**, a federally-recognized Indian tribe, and the **CHUKCHANSI ECONOMIC DEVELOPMENT AUTHORITY**, a wholly-owned Tribal enterprise,<br><br>Plaintiffs,<br><br>vs.<br><br>**GIFFEN TAN**, an individual; **JOYCE MARKLE**; an individual; **LARRY KING**, an individual; **TED ATKINS**, an individual; JOHN AND JANE DOES 1-20; XYZ CORPORATIONS 1-20,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFFS' EX PARTE EMERGENCY APPLICATION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>(Filed Concurrently with Plaintiffs' Complaint, Memorandum of Points and Authorities in Support of Ex Parte Emergency Application and Motion for TRO and OSC re Preliminary Injunction; (proposed) Temporary Restraining Order; and Supportive Affidavits)<br><br>Date:<br>Time:<br>Dept: |

Pursuant to the Federal Rules of Civil Procedure Rule 65(b) and Civil Local Rule 231, and through their attorneys, Plaintiffs Picayune Rancheria of the Chukchansi Indians ("Tribe"), a federally recognized Indian tribe, and its wholly owned economic arm, the Chukchansi Economic Development Authority ("CEDA") (the Tribe and CEDA are hereafter collectively referred to as

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California 95630

1
PLAINTIFFS' EX PARTE EMERGENCY APPLICATION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

the "Plaintiffs"), acting on the authority of the Tribal Council recognized by the United States on February 11, 2014,[1] make application to, and move this Honorable Court for, the entry of a Temporary Restraining Order and a Preliminary Injunction to restrain and enjoin Defendants Giffen Tan ("Tan"), the interim General Manager of the Chukchansi Gold Resort and Casino ("Casino"), Joyce Markle ("Markle"), General Accounting Manager for the Casino, Larry King ("King"), Chief Financial Officer for the Casino, Ted Atkins ("Atkins"), Director of Security for the Casino, and certain unidentified individuals and entities who will be identified through discovery, and their agents, employees, officers, directors, attorneys, and any and all persons acting by or through any of them, (collectively herein referred to as "Defendants") from directly or indirectly taking any action to disburse, transfer, move, or distribute any and all Tribal governmental distributions of Casino funds, assets, revenue, or property in violation of applicable federal law, including but not limited to the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701 *et seq.*, as well as in violation of the Tribal-State Compact, and the Tribe's Gaming Ordinance , because:

1. Plaintiffs can demonstrate a strong likelihood of success on the merits of their claims;
2. Plaintiffs can demonstrate that they will suffer irreparable harm in the form of losing millions of dollars through Defendants' illegal disbursements to persons or entities that are not recognized by the United States government as the Tribe's Tribal Council;
3. The balance of equities tips in favor of Plaintiffs and their requests for relief;
4. Issuance of an injunction under the circumstances of this case is in the public interest;
5. Plaintiffs have no adequate remedy at law;
6. The Court has jurisdiction to issue the orders as requested because Plaintiffs' Complaint raises substantial federal questions and alleges violations of federal statutes, including the IGRA; and

---

[1] Specifically, on February 11, 2014, the United States Bureau of Indian Affairs ("BIA") recognized the following persons as comprising the official Tribal Council (i.e. the official governing body of the Tribe and members of the CEDA Board of Directors): Reggie Lewis, Morris Reid, Chance Alberta, Dora E. Jones, Nokomis Hernandez, Nancy Ayala, and Jennifer Stanley (The "United States-Recognized Tribal Council").  The BIA, on February 19, 2014, filed papers requesting that the United States Decision become immediately effective based on various exigent circumstances, including the fear of "murder."

2

PLAINTIFFS' EX PARTE EMERGENCY APPLICATION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California 95630

    7. Defendants' actions and threatened actions are prohibited under federal and Tribal law as expressed through the IGRA, Tribal—State Compact and Tribal Gaming Ordinance.

Prompt injunctive relief will avoid irreparable harm to Plaintiffs, including but not limited to the following harm:

1. Defendants have already attempted, and likely succeeded on or about February 13, 2014, to issue more than $315,000 of Casino revenue in violation of federal and Tribal law;

2. The Defendants are planning, at any time, to issue a significant disbursement of Casino revenue in violation of federal and Tribal law;

3. The Defendants have, to date, refused to acknowledge the authority and follow the directives of the United States-Recognized Tribal Council with respect to the lawful handling of Tribal assets;

4. There is real, significant and immediate risk that if a temporary restraining order and injunction are not issued, millions of dollars of Casino revenue will be disbursed without authority to persons or entities that are not recognized by the United States government and, as such, will be lost forever;

5. A balancing of the relative hardships favors the entry of immediate injunctive relief as Plaintiffs will suffer the above-stated harm if injunctive relief is not granted and Defendants will suffer no harm if the requested injunctive relief is granted; and

6. The public interest is advanced by the issuance of a temporary restraining order to prohibit the distribution of Plaintiffs' assets to persons or entities that are not recognized by the United States government.

WHEREFORE, Plaintiffs respectfully requests that this Court:

1. In the form of the proposed order attached hereto as Exhibit "A" (and separately lodged concurrently with this Ex Parte Emergency Application and Motion for Temporary Restraining Order and Order to Show Cause regarding Preliminary Injunction), immediately grant a Temporary Restraining Order restraining Defendants, their officers, agents, servants,

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California 95630

3

PLAINTIFFS' EX PARTE EMERGENCY APPLICATION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

employees, and attorneys, and all persons acting by, through, under, or in concert with Defendants from issuing, paying, effecting, or otherwise disbursing revenue from the Casino in violation of federal and Tribal law to any person or entity that is not recognized by the United States government;

1. Require Defendants, within three (3) business days from the date of any order, to serve and file an affidavit verifying that they have complied with the Court's order and detailing what steps, if any, they have taken to do so;

2. Continue the Temporary Restraining Order in full force and effect through and including a hearing set for a date and time convenient for this Court, on Plaintiffs' request for entry of Preliminary Injunction and issue an order for Defendants to show cause why a preliminary injunction should not issue in favor of Plaintiffs;

3. Convert the Temporary Restraining Order into a Preliminary Injunction following briefing and a hearing on the Request for a Preliminary Injunction; and

4. Grant to Plaintiffs such other and further relief as this Honorable Court deems just and equitable under the circumstances.

Respectfully submitted,

ROSETTE, LLP
ATTORNEYS AT LAW

Dated: February 19, 2014        By: /s/ Robert A. Rosette
                                    Robert A. Rosette
                                    Geoffrey Hash
                                    193 Blue Ravine Rd., Suite 255
                                    Folsom, California 95630
                                    Attorneys for Plaintiffs

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California 95630

4

PLAINTIFFS' EX PARTE EMERGENCY APPLICATION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

# EXHIBIT A

Robert A. Rosette (CA SBN 224437)
Geoffrey Hash (CA SBN 227223)
ROSETTE, LLP
193 Blue Ravine Rd., Suite 255
Folsom, California 95630
Telephone: (916) 353-1084
Facsimile: (916) 353-1085
rosette@rosettelaw.com
ghash@rosettelaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS, a federally-recognized Indian tribe, and the CHUKCHANSI ECONOMIC DEVELOPMENT AUTHORITY, a wholly-owned Tribal enterprise,<br><br>Plaintiffs,<br><br>vs.<br><br>GIFFEN TAN, an individual; JOYCE MARKLE; an individual; LARRY KING, an individual; TED ATKINS, an individual; JOHN AND JANE DOES 1-20; XYZ CORPORATIONS 1-20,<br><br>Defendants. | Case No.:<br><br>**[PROPOSED] ORDER GRANTING APPLICATION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Date:<br>Time:<br>Dept: |

The application and motion of Plaintiffs Picayune Rancheria of the Chukchansi Indians ("Tribe") and its wholly owned economic arm, the Chukchansi Economic Development Authority ("CEDA") (acting on the authority of the Tribal Council recognized by the United States on February 11, 2014) for a temporary restraining order and order to show cause why a preliminary injunction should not issue came before this Court for consideration on February __, 2014. Pursuant to the Federal Rules of Civil Procedure, Rule 65(b), and Local Rule 65-231, Plaintiffs

1   Case No.:

hereby provide notice to the Defendants they can apply to the court for modification and/or dissolution on two (2) days notice or such shorter notice as the Court may allow.

Upon consideration, and for good cause shown, IT IS HEREBY ORDERED that the Plaintiffs' Ex Parte Emergency Application and Motion for Temporary Restraining Order and Order to Show Cause regarding Preliminary Injunction is GRANTED.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff demonstrates irreparable harm and shows that the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotations and alterations omitted).

A court employs a sliding scale when considering a plaintiff's showing as to the likelihood of success on the merits and the likelihood of irreparable harm. *Id.* "Under this approach, the elements of a preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.*

In support of this Order, the Court makes the following findings based on the evidence submitted by Plaintiff, including Plaintiff's Ex Parte Emergency Application and Motion for Temporary Restraining Order and Order to Show Cause regarding Preliminary Injunction, Memorandum of Points and Authorities in Support for Ex Parte Emergency Application and Motion for Temporary Restraining Order and Order to Show Cause regarding Preliminary Injunction, Complaint and supporting affidavits:

1. This Court by reason of the matters at issue, has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1362 as Plaintiffs' Complaint raises substantial federal questions and violations of federal statutes being at issue, as well as the fact that the Tribe is a federally recognized Indian tribe.

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, CA 95630

2                                    Case No.:
[PROPOSED] ORDER GRANTING APPLICATION AND MOTION FOR TRO

2. Defendants are prohibited under federal law and Tribal law from misappropriating Casino revenue and from disbursing such revenue in contravention of express restrictions set forth under the Indian Gaming Regulatory Act, 25 U.S.C. §2701(4) and 2710(2)(B), Section 6.1 of the Tribe's Tribal-State Compact and Section 1.3 of the Tribe's Gaming Ordinance, all of which require a tribe to maintain the sole proprietary interest in its casino.

3. The Court further finds that Defendants' recent actions of February 13, 2014 (in connection with the attempted and likely issuance of more than $315,000 of Casino revenue in the form of cash payment to an unauthorized entity) and representations of February 14 and 17, 2014 demonstrate Defendants' intention to, on a monthly basis or otherwise, disburse Casino revenue in violation of federal and Tribal law, including but not limited to IGRA, the Tribal–State Compact and the Gaming Ordinance, poses an imminent threat of irreparable harm and that a restraining order issued in Plaintiffs' favor is necessary to prevent assets of the Tribe from being disbursed to an entity not recognized by the United States as the Tribe. Once disbursed, those Tribal assets cannot be recovered.

4. Plaintiffs have no adequate remedy at law and therefore an emergency temporary restraining order is necessary to prevent further unlawful disbursement of significant amounts of Casino revenue, upwards of $1,400,000 each month.

5. The balance of hardships tips sharply in Plaintiffs' favor. The balance of equities strongly favors Plaintiffs because Defendants have no lawful authority to disburse Casino revenues intended for the Tribe and their continued disbursement will harm Plaintiffs as assets of the Tribe are being disbursed to persons not recognized by the United States as the Tribe and, once disbursed, those Tribal assets cannot be recovered.

6. Plaintiffs have demonstrated irreparable harm and that a temporary restraining order is in the public's interest.

7. The Court finds that no bond is necessary.

Accordingly, IT IS HEREBY ORDERED that, pending an order by this Court as to whether a preliminary injunction should issue, Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with Defendants (collectively

3   Case No.:
[PROPOSED] ORDER GRANTING APPLICATION AND MOTION FOR TRO

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, CA 95630

"Defendants"), are enjoined from issuing, paying, effecting, or otherwise disbursing any and all Tribal governmental distributions of Casino revenue in violation of federal and Tribal law to any person or entity that is not recognized by the United States as the Tribe..

IT IS FURTHER ORDERED that, within three (3) business days from the date of this order, Defendants shall serve and file an affidavit verifying that they have complied with this order and detailing what steps, if any, they have taken to do so.

IT IS FURTHER ORDERED that Plaintiffs' papers filed in support of their application and motion for a temporary restraining order shall be treated as Plaintiffs' moving papers for a preliminary injunction on or before February _____, 2014. In the event that Defendants file their opposition by that date, Plaintiffs may file a reply brief in support of their motion for preliminary injunction no later than _____, 2014, and a hearing on Plaintiffs' request will be held on _____, 2014, at _____.

IT IS SO ORDERED.


Dated: February____, 2014         By:_____
Time: _____ am/pm                       Honorable
                                        United States District Court Judge

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, CA 95630

4                                              Case No.:
[PROPOSED] ORDER GRANTING APPLICATION AND MOTION FOR TRO