Robert A. Rosette (CA SBN 224437)
Geoffrey Hash (CA SBN 227223)
ROSETTE, LLP
193 Blue Ravine Rd., Suite 255
Folsom, California 95630
Telephone: (916) 353-1084
Facsimile: (916) 353-1085
rosette@rosettelaw.com
ghash@rosettelaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS, a federally-recognized Indian tribe, and the CHUKCHANSI ECONOMIC DEVELOPMENT AUTHORITY, a wholly-owned Tribal enterprise,<br><br>Plaintiffs,<br><br>vs.<br><br>GIFFEN TAN, an individual; JOYCE MARKLE; an individual; LARRY KING, an individual; TED ATKINS, an individual; JOHN AND JANE DOES 1-20; XYZ CORPORATIONS 1-20,<br><br>Defendants. | Case No.:<br><br>**[PROPOSED] ORDER GRANTING APPLICATION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Date:<br>Time:<br>Dept: |

The application and motion of Plaintiffs Picayune Rancheria of the Chukchansi Indians ("Tribe") and its wholly owned economic arm, the Chukchansi Economic Development Authority ("CEDA") (acting on the authority of the Tribal Council recognized by the United States on February 11, 2014) for a temporary restraining order and order to show cause why a preliminary injunction should not issue came before this Court for consideration on February __, 2014. Pursuant to the Federal Rules of Civil Procedure, Rule 65(b), and Local Rule 65-231, Plaintiffs

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, CA 95630

1                                                                Case No.:
[PROPOSED] ORDER GRANTING APPLICATION AND MOTION FOR TRO

hereby provide notice to the Defendants they can apply to the court for modification and/or dissolution on two (2) days notice or such shorter notice as the Court may allow.

Upon consideration, and for good cause shown, IT IS HEREBY ORDERED that the Plaintiffs' Ex Parte Emergency Application and Motion for Temporary Restraining Order and Order to Show Cause regarding Preliminary Injunction is GRANTED.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff demonstrates irreparable harm and shows that the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotations and alterations omitted).

A court employs a sliding scale when considering a plaintiff's showing as to the likelihood of success on the merits and the likelihood of irreparable harm. *Id*. "Under this approach, the elements of a preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id*.

In support of this Order, the Court makes the following findings based on the evidence submitted by Plaintiff, including Plaintiff's Ex Parte Emergency Application and Motion for Temporary Restraining Order and Order to Show Cause regarding Preliminary Injunction, Memorandum of Points and Authorities in Support for Ex Parte Emergency Application and Motion for Temporary Restraining Order and Order to Show Cause regarding Preliminary Injunction, Complaint and supporting affidavits:

1. This Court by reason of the matters at issue, has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1362 as Plaintiffs' Complaint raises substantial federal questions and violations of federal statutes being at issue, as well as the fact that the Tribe is a federally recognized Indian tribe.

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, CA 95630

2                                   Case No.:
[PROPOSED] ORDER GRANTING APPLICATION AND MOTION FOR TRO

2. Defendants are prohibited under federal law and Tribal law from misappropriating Casino revenue and from disbursing such revenue in contravention of express restrictions set forth under the Indian Gaming Regulatory Act, 25 U.S.C. §2701(4) and 2710(2)(B), Section 6.1 of the Tribe's Tribal-State Compact and Section 1.3 of the Tribe's Gaming Ordinance, all of which require a tribe to maintain the sole proprietary interest in its casino.

3. The Court further finds that Defendants' recent actions of February 13, 2014 (in connection with the attempted and likely issuance of more than $315,000 of Casino revenue in the form of cash payment to an unauthorized entity) and representations of February 14 and 17, 2014 demonstrate Defendants' intention to, on a monthly basis or otherwise, disburse Casino revenue in violation of federal and Tribal law, including but not limited to IGRA, the Tribal–State Compact and the Gaming Ordinance, poses an imminent threat of irreparable harm and that a restraining order issued in Plaintiffs' favor is necessary to prevent assets of the Tribe from being disbursed to an entity not recognized by the United States as the Tribe. Once disbursed, those Tribal assets cannot be recovered.

4. Plaintiffs have no adequate remedy at law and therefore an emergency temporary restraining order is necessary to prevent further unlawful disbursement of significant amounts of Casino revenue, upwards of $1,400,000 each month.

5. The balance of hardships tips sharply in Plaintiffs' favor. The balance of equities strongly favors Plaintiffs because Defendants have no lawful authority to disburse Casino revenues intended for the Tribe and their continued disbursement will harm Plaintiffs as assets of the Tribe are being disbursed to persons not recognized by the United States as the Tribe and, once disbursed, those Tribal assets cannot be recovered.

6. Plaintiffs have demonstrated irreparable harm and that a temporary restraining order is in the public's interest.

7. The Court finds that no bond is necessary.

Accordingly, IT IS HEREBY ORDERED that, pending an order by this Court as to whether a preliminary injunction should issue, Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with Defendants (collectively

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, CA 95630

3　　　　Case No.:
[PROPOSED] ORDER GRANTING APPLICATION AND MOTION FOR TRO

1  "Defendants"), are enjoined from issuing, paying, effecting, or otherwise disbursing any and all
2  Tribal governmental distributions of Casino revenue in violation of federal and Tribal law to any
3  person or entity that is not recognized by the United States as the Tribe..

4      IT IS FURTHER ORDERED that, within three (3) business days from the date of this
5  order, Defendants shall serve and file an affidavit verifying that they have complied with this
6  order and detailing what steps, if any, they have taken to do so.

7      IT IS FURTHER ORDERED that Plaintiffs' papers filed in support of their application
8  and motion for a temporary restraining order shall be treated as Plaintiffs' moving papers for a
9  preliminary injunction on or before February _____, 2014.  In the event that Defendants file
10 their opposition by that date, Plaintiffs may file a reply brief in support of their motion for
11 preliminary injunction no later than _____, 2014, and a hearing on Plaintiffs'
12 request will be held on _____, 2014, at _____.

13

14     IT IS SO ORDERED.

15

16

17 Dated: February____, 2014      By:_____
   Time:  _____ am/pm                Honorable
18                                   United States District Court Judge

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, CA 95630

4       Case No.:
[PROPOSED] ORDER GRANTING APPLICATION AND MOTION FOR TRO