# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PICAYUNE RANCHARIA OF THE CHUKCHANSI INDIANS, a federally-recognized Indian tribe, and the CHUKCHANSI ECONOMIC DEVELOPMENT AUTHORITY, a wholly-owned entity of the Tribe,<br><br>Plaintiffs,<br><br>v.<br><br>GIFFEN TAN, an individual; JOYCE MARKLE, an individual; LARRY KING, an individual; Ted ATKINS, an individual; TEX MCDONALD, an individual; VERNON KING, an individual;  LYNDA APPLING, an individual; DONNA FEATHERSTONE, an individual; AMANDA RAMIREZ, an individual; CHARLES SARGOSA, an individual; NANCY AYALA, an individual; DYANN ECKSTEIN, an individual; JOSEPH AYALA, an individual; JOSHUA ATKINS, an individual; MIKE RAMIREZ, an individual; DAVID WORKS, III, an individual; KHAMMY CHHOM, an individual; DOES 1-20; and XYZ CORPORATIONS 1-20,<br><br>Defendants. | CASE NO. 1:14-cv-0220 AWI SAB<br><br>**ORDER RE ORDER TO SHOW CAUSE** |

# I. INTRODUCTION

On February 21, 2014, this Court Ordered Plaintiffs to Show Cause why this case should not be dismissed for want of jurisdiction. Plaintiffs filed their response on February 28, 2014. For the following reasons this Court finds that Plaintiffs did not show good cause why the instant action should not be dismissed.

# II. BACKGROUND

For a more complete recitation of background see the Court's previous order denying Plaintiffs' application for temporary restraining order. *See* ECF Doc. 11.

Plaintiffs allege that they represent the Picayune Rancheria of Chukchansi Indians,[1] a federally recognized Indian Tribe, and the Chukchansi Economic Development Authority. Plaintiffs claim that Defendants are all individuals who are operating the Chukchansi Gold Resort and Casino in violation of the Indian Gaming Regulatory Act and the Gaming Compact between California and the Tribe by distributing revenues in a manner not consistent with the gaming compact. Plaintiffs' claim to represent the Tribe is premised on the February 11, 2014, decision of Regional Director of the United States Department of the Interior, Bureau of Indian Affairs ("BIA") arising from the appeal of the Superintendent's May 16, 2013, decision to (1) recognize the tribal council elected as a result of the December 1, 2012 election, and (2) return an Indian Self-Determination and Education Assistance Act contract to a competing faction following the recognition of the election. The Regional Director's decision, in recognition of the tribal leadership dispute with no clear end in sight, indicated that the BIA would conduct business, on an interim basis, with the last uncontested Tribal Council, elected December 2010. The BIA decision made clear that "there appear[] to be several grounds for finding it would be in the public interest to put this decision into immediate effect. As such, [the Regional Director of the BIA] will fil[e] a motion with the IBIA to place [the] decision in immediate effect." Although the motion appears to have been filed on February 19, 2014, this Court has received no indication that the IBIA has

---

[1] Since a second party has sought to intervene based on the claim that they actually represent the Tribe, this Court, only for the purposes of creating a clear record, refers to Plaintiffs as "Plaintiffs" or "Plaintiff Tribe" and the party seeking to intervene as "Intervenors" or "Intervenor Tribe". The nomenclature used by the Court is not intended to recognize or deny the legitimacy of either purported tribal governing entity.

actually come to a decision as to the issue.

Based on the foregoing, this Court denied Plaintiffs' request for temporary restraining order. *See* ECF Doc. 11.

Subsequent to the denial of temporary restraining order, a second entity purporting to represent Picayune Rancheria of Chukchansi Indians has filed motions to intervene as a party defendant and to dismiss. ECF Docs. 13 and 13-11.

Additionally, Plaintiffs have amended their complaint. ECF. Doc. 15. The First Amended Complaint ("FAC") clarifies that Plaintiffs seek an order from this Court enjoining all of the defendants from "conducting Class III gaming at the Casino in violation of federal law, Tribal law, and the Gaming Compact … and to further require the Defendants to surrender physical control of the Casino and Casino revenues to the governing body of the Tribe."

Plaintiffs have neither submitted any evidence nor pled anything in their FAC to indicate to this Court that the decision by the Regional Director of the BIA has been placed in immediate effect.

## III. DISCUSSION

In this Court's Order to Show Cause it required Plaintiffs to prove that this court possessed jurisdiction over the claims presented pursuant to either or both Sections 1331 or 1362 of Title 28 of the United States Code. This Court indicated that the question required Plaintiffs to show that they are presently the tribal governing body recognized by the Secretary of the Interior. This Court indicated that a failure to do so would leave this Court without jurisdiction over Plaintiffs' claims. ECF Doc. 11 at pp. 4-5, 7.

**A. Recognition by the Secretary**

Title 25 of the Code of Federal Regulations Section 2.6(a), governing the finality of decisions by the BIA, provides that:

> No decision, which at the time of its rendition is subject to appeal to a superior authority in the Department, shall be considered final … unless when an appeal is filed, the official to whom the appeal is made determines that public safety, protection of trust resources, or other public exigency requires that the decision be made effective immediately.

In issuing its Order to Show Cause, this Court noted that BIA decision had not been given

immediate effect by the Interior Board of Indian Affairs ("IBIA"). *See* ECF Doc. 11 at p. 4. A motion to give the BIA decision such effect is presently pending before the IBIA. *See* ECF Doc. 4 at pp. 17-20. That motion makes specific reference to the fact that the BIA decision is not given immediate effect until the IBIA makes a finding pursuant to Section 2.6 that exigency requires such an immediate effect. ECF Doc. 4 at p. 18. Here, the Regional Director did not purport to immediately recognize a governmental body. Rather, she filed a motion with the IBIA *requesting* that they give her decision immediate effect.

Plaintiffs direct the Court to *Timbusha Shoshone Tribe v. Bureau of Indian Affairs* wherein the BIA, as a party, stated that it recognized the tribal officials that the BIA had recognized prior to the disputed election. *Timbisha Shoshone Tribe v. Bureau of Indian Affairs*, 2003 WL 25897083 at *2 (E.D. Cal. 2003). As noted, here the BIA has given no such immediate recognition. In fact, the Department of Interior and its agencies have repeatedly indicated that they (and other agencies) do not presently recognize any tribal governmental entity as representing the Picayune Rancheria of Chukchansi Indians. *See* ECF Doc. 4 at p. 18 ("Therefore, a federal action requiring the recognition of a governing body is currently pending before the Superintendent. ¶ Due to the exigency of the situation, undersigned counsel respectfully requests that the Board put the Regional Director's February 11, 2014, Decision into immediate effect.") ECF Doc. 5-3 ("The record does not reflect whether recent tribal elections were conducted in accordance with tribal governing documents." "[M]any Federal agencies have been unable to determine with whom to conduct business amidst the dispute … As such, I will be filing a motion with the IBIA to place my decision into immediate effect").

In a case on all fours with the issue at bar the IBIA dealt with the issue of a Regional Director indicating that "it would be appropriate to place into immediate effect" the recognition of a prior undisputed tribal governmental authority. The IBIA explained:

> Appellant appealed the Regional Director's decision to the Board, and in his notice of appeal requested clarification concerning the status of the Regional Director's decision during his appeal to the Board. On September 12, 2005, the Board, citing 25 C.F.R. § 2.6(a), clarified that the Regional Director's decision was not in effect because Appellant had appealed to the Board. The Board stated that the question of whether the Regional Director's decision should be made effective immediately

was one that could be raised to the Board by motion, should the Regional Director or other interested parties wish to do so. On September 28, 2005, the Board reaffirmed and further clarified that no part of the Regional Director's decision to recognize Pinola as Chairman was in effect, and that "the status quo for the purpose of maintaining the government-to-government relationship between the Department and the Tribe - which is the limited context in which this case arises - is as it existed prior to the Superintendent's decision."

*Poe v. Pacific Regional Director, BIA*, 43 IBIA 105, 107 (I.B.I.A. 2006).

Here, as in *Poe*, no part of the BIA decision is in effect and the status quo exists as it did prior to the decision by the Superintendent in returning to the Ayala, Lewis, and Reid Factions, the requests to contract with the BIA under ISDEAA. Unless and until the IBIA gives immediate effect to the BIA decision Plaintiffs do not represent the Tribe as the recognized government body.

**B. Jurisdiction**

Plaintiffs are not presently recognized by the Secretary of the Interior (or her agency; the BIA) to be the governmental entity acting on behalf of the Tribe. Accordingly, this Court is not vested with jurisdiction pursuant to Title 28 of the United States Code Section 1362 which grants a district court original jurisdiction only when a civil action is "brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior." 28 U.S.C. 1362.

Nor is the Court vested with original jurisdiction under Section 2710, Subsection D, of Title 25 of the United States Code since the district court is only granted jurisdiction over "any cause of action initiated by an Indian tribe … by a State… or by the Secretary…" of the Interior. 25 U.S.C. 2710(d)(7)(A)(i-iii); *see also* ECF Doc. 11 at pp. 4-5 (citing *Hein v. Capitan Grande Band of Dieguendo Mission Indians*, 201 F.3d 1256, 1260 (9th Cir. 2000) ("where IGRA creates a private cause of action, it does so explicitly…. For example, … it allows tribes to sue states under some circumstances.")). Section 2703 requires that an entity be "recognized as eligible by the Secretary for the special programs and services provided by the United States to Indians because of their status as Indians" in order to be considered an "Indian tribe." 25 U.S.C. 2703(5)(A). Plaintiffs are not an "Indian tribe" for purposes of IGRA because they do not fall within such definition under Section 2703, Subsection 5 of Title 25 of the United States Code. *See* ECF Doc. 4 at p. 18 ("[A] federal action requiring the recognition of a governing body is currently pending before the Superintendent." Such recognition has not yet been granted.)

Since Plaintiffs have not been recognized by the Secretary as the Tribal Council, this Court is not granted jurisdiction over the Section 2710 claim.[2] Plaintiffs do not attempt to allege any other violations of federal law. Accordingly, Plaintiffs can allege no violation of Federal law that would grant this Court jurisdiction pursuant to Section 1331.

This Court does not have subject matter jurisdiction over Plaintiffs' claims.[3]

## IV. ORDER

Based on Plaintiffs' inability to meet the threshold requirement of subject matter jurisdiction, this Court ORDERS:

1. Plaintiffs have failed to show cause why their claim should not be dismissed for lack of subject matter jurisdiction.
2. Plaintiffs' action is DISMISSED for want of subject matter jurisdiction.
3. The Clerk of the Court is directed to CLOSE the case.

IT IS SO ORDERED.

Dated:   March 7, 2014

SENIOR DISTRICT JUDGE

---

[2] In addition to being a jurisdictional requirement, recognized tribal status is necessary for Plaintiff's claim to be redressable. In order for a plaintiff to have standing to file suit "it must be likely, rather than merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). If this Court were to grant an injunction as requested by Plaintiffs (i.e. prohibiting any person or entity that is not the United States recognized Indian Tribe from operating the Casino) then Plaintiffs would also be enjoined from operation of the Casino.

[3] Because this Court does not have jurisdiction over Plaintiffs' claims it does not address (1) whether the IBIA giving immediate effect to the BIA decision would necessarily grant Plaintiffs' standing to bring suit under IGRA, (2) whether Plaintiffs would be required to exhaust administrative remedies, (3) the *Winter* factors required to issue an injunction, or (4) the merits of Intervenor Tribe's motion to intervene. *See Winter v. Natural Res. Def. Council,* 555 U.S. 7 (2008)